IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN PALAN,<br>           Plaintiff,<br><br>       v.<br><br>INOVIO PHARMACEUTICALS, INC.;<br>PETER KIES; J. JOSEPH KIM;<br>THOMAS KIM; AVTAR DHILLION; and<br>JEFFREY RICHARDSON,<br>           Defendants. | CIVIL ACTION<br><br>NO.  14-5054 |

**MEMORANDUM OPINION**

**I.     INTRODUCTION**

Before the Court is the Defendants Inovio Pharmaceuticals, Inc. ("Inovio"), Peter Kies, J. Joseph Kim, Thomas Kim, Avtar Dhillion, and Jeffrey Richardson's (collectively "Defendants") Motion to Dismiss for Failure to State a Claim [ECF No. 9] and the Plaintiff's Response in Opposition thereto [ECF No. 11].

The Court will not provide a full recitation of the facts because this Memorandum Opinion is solely for the benefit of the parties.  The Plaintiff has brought two claims against the Defendants pursuant to the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*—an interference claim and a retaliation claim.  Compl. ¶¶ 31-47.  The Defendants have moved to dismiss the Complaint on three different grounds:  (1) the Complaint fails to adequately allege that the individual Defendants are "employers" sufficient to subject them to individual liability under the FMLA and it also fails to use the correct definition of "employer" under federal law; (2) the interference claim in Count I of the Complaint should be dismissed because the Plaintiff does not allege he suffered harm or that he was entitled to restatement; and (3) the retaliation

claim in Count II of the Complaint should be dismissed because the Plaintiff did not sufficiently allege facts to show he could make a prima facie case of retaliation under either the direct or indirect evidence frameworks.  *See* Defs.' Mot. to Dismiss.

For the reasons that follow, the Motion will be granted in part and denied in part.

## II.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 556-57 (internal quotation marks omitted)).

"In light of *Twombly*, 'it is no longer sufficient to allege mere elements of a cause of action; instead a complaint must allege facts suggestive of [the proscribed conduct].'"  *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 177 (3d Cir. 2010) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).  "Context matters in notice pleading," and thus "some complaints will require at least some factual allegations to make out a 'showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Phillips*, 515 F.3d at 232 (quoting *Twombly*, 550 U.S. at 555).  Stating a claim "'requires a complaint with enough factual matter (taken as true) to suggest' the required element," calling for "'enough facts to raise a reasonable

expectation that discovery will reveal evidence of the necessary element.'" *Great Western Mining*, 615 F.3d at 177 (quoting *Twombly*, 550 U.S. at 556).  "In other words, 'there must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation.'"  *Id.* (quoting *Phillips*, 515 F.3d at 234-35).

In this Circuit, determining whether a complaint meets the pleading standard involves a three-step analysis: (1) "outline the elements a plaintiff must plead to state a claim for relief"; (2) "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth"; and (3) "look for well-pled factual allegations, assume their veracity, and then 'determine whether they plausibly rise to an entitlement to relief.'"  *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679) (citations omitted).  At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold."  *Skinner v. Switzer*, 562 U.S. 521, —, 131 S. Ct. 1289, 1297 (2011).

### III.   DISCUSSION

#### A.   *Defendants Joseph Kim and Avtar Dhillion*

At the outset, the Court notes the Plaintiff's stipulation to dismiss Defendants J. Joseph Kim and Avtar Dhillion from this case.  Opp. at 2.  All claims against those Defendants shall be dismissed accordingly.

#### B.   *FMLA Interference Claim*

The remaining Defendants—Inovio, Kies, Thomas Kim, and Richardson (hereinafter collectively "remaining Defendants")—argue that the Complaint does not allege a "failure to advise" interference claim because the Plaintiff has not alleged that he experienced prejudice as a result of the employer's FMLA violation.  Defs.' Mot. to Dismiss at 8-9.  In support of this

argument, the Defendants cite *Hepner v. Thomas Jefferson University Hospitals, Inc.*, in which a court in this District dismissed a plaintiff's FMLA interference claim because the plaintiff had not set forth facts in his complaint "concerning what harm, if any, plaintiff suffered as a consequence of defendant's failure to designate or notify him of FMLA leave." No. 12-5443, 2013 WL 2334148, at *5 (E.D. Pa. May 29, 2013).

Contrary to any contention by the Defendants, the Plaintiff's Complaint here falls less squarely under *Hepner* than it does under *Nusbaum v. CB Richard Ellis, Inc.*, 171 F. Supp. 2d 377 (D.N.J. 2001), a decision whose reasoning was found persuasive by the Third Circuit in *Conoshenti v. Public Service Electric & Gas Co.*, 364 F.3d 135, 144 (3d Cir. 2004). In *Nusbaum*, the plaintiff brought suit against her employer, alleging that its failure to notify her of her right to twelve weeks of FMLA leave and her subsequent termination interfered with her FMLA rights in violation of 29 U.S.C. § 2615(a)(1). The plaintiff had requested that her employer allow her to take medical leave after she learned she required back surgery. The employer did not give her materials providing information on FMLA leave and did not comply with 29 U.S.C. § 2619's requirement that it post a notice containing the important provisions and employee rights under the FMLA. Her employer did not prospectively designate her leave as FMLA leave, in violation of 29 C.F.R. §§ 825.208 and .700, and discharged her during her absence. *Nusbaum*, 171 F. Supp. 2d at 379-81. In denying the employer's motion to dismiss the plaintiff's interference claim, the court held:

> [T]he purpose of the regulations enacted by the DOL . . . is to ensure that employers allow their employees to make informed decisions about leave. . . . The overall intent of the FMLA is lost when an employer fails to provide an employee with the opportunity to make informed decisions about her leave options and limitations. Without such an opportunity, the employee has not received the statutory benefit of taking necessary leave with the reassurance that her employment, under proscribed conditions, will be waiting for her when she is able to return to work.

*Conoshenti*, 364 F.3d at 144 (quoting *Nusbaum*, 171 F. Supp. 2d at 385-86).  The court concluded that the employer "failed to provide [the plaintiff] with information relevant to her situation as she sought leave to tend to her health.  Such a circumstance is specifically what the FMLA sought to avoid." *Nusbaum*, 171 F. Supp. 2d at 387.  Based on the allegations in the Complaint, a similar situation is at play here.  The Plaintiff alleges that neither Defendant Richardson nor any other Inovio employee advised him of his rights under the FMLA, Compl. ¶ 24, and alleges that the Defendants failed to display the required FMLA notice.  *Id.* ¶ 36.  Without the benefit of the notice of entitlement to FMLA protection, the Plaintiff "has not received the statutory benefit of taking necessary leave with the reassurance that [his] employment, under proscribed conditions, will be waiting for [him] when [he] is able to return to work." *Conoshenti*, 364 F.3d at 144 (quoting *Nusbaum*, 171 F. Supp. 2d at 385-86).  The Court finds that the Plaintiff has alleged facts sufficient to withstand the motion to dismiss on this ground.

        To plead an interference claim pursuant to the FMLA, an employee need only allege that "[1] he was entitled to benefits under the FMLA and [2] that he was denied them." *Sommer v. Vanguard Grp.*, 461 F.3d 297, 399 (3d Cir. 2006) (alterations in original) (citation and internal quotation marks omitted).  In other words, a plaintiff must allege that:  (1) he is an "[e]ligible employee," 29 U.S.C. § 2611(2); (2) the defendant is an "[e]mployer," *id.* § 2611(4); (3) the employee was entitled to leave under the FMLA, *id.* § 2612(a)(1); (4) the employee gave the employer notice of his intention to take leave, *id.* § 2612(e)(1); and (5) the employer denied the employee benefits to which he was entitled.  *De Luca v. Trs. of Univ. of Pa.*, 834 F. Supp. 2d 282, 290 (E.D. Pa. 2011) (citing *Cavin v. Honda of Am. Mfg., Inc.*, 346 F.3d 713, 719 (6th Cir. 2003)).

        Upon review of the Complaint, the Court finds that the Plaintiff has sufficiently alleged four of the five elements with respect to each of the remaining Defendants.  First, he has alleged

he is an eligible employee because he states he was employed by Inovio for at least twelve months and had worked at least 1250 hours during the twelve-month period prior to his leave. Compl. ¶ 32.  Second, he has alleged he was entitled to leave under the FMLA, because he states that the perforation of his sigmoid colon was a "serious health condition" that made him unable to perform the functions of his position under 29 U.S.C. § 2612(a)(1)(D).  Compl. ¶¶ 16-19, 21, 34.  Third, he has alleged that he gave the Defendants notice of his intention to take leave, because he states that he notified Defendants Kies, Thomas Kim, and Richardson throughout his treatment about its progress and about his need to take leave from work to undergo and recover from colorectal surgery.  *Id.* ¶¶ 17, 20, 22-23, 35.  Fourth, he has alleged that the Defendants denied him the benefits to which he was entitled because they did not advise or notify him of his FMLA rights prior to his return from leave.  *Id.* ¶¶ 37-39.

      However, the Court is persuaded by the Defendants' arguments that the Complaint insufficiently alleges that each of them are "employers" under the FMLA.  First, the Complaint recites the Title VII definitions of "employer," rather than the FMLA definitions.  *See id.* ¶¶ 5, 11.  Second, even assuming the Plaintiff correctly identified the FMLA definition of "employer," he has failed to allege sufficient facts to withstand a motion to dismiss the claim against the individual Defendants who remain in this action (Kies, Thomas Kim, and Richardson), in light of *Haybarger v. Lawrence County Adult Probation & Parole*, 667 F.3d 408 (3d Cir. 2012), in which the Third Circuit described the relevant factors courts should analyze when determining, under the "economic reality of the employment situation," whether a named defendant is an "employer" for purposes of imposing FMLA liability:  "whether the individual '(1) had the power to hire and fire the employee[], (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained

employment records.'" *Id.* at 418 (quoting *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 139 (2d Cir. 1999)).

Because the Plaintiff has not sufficiently alleged that the remaining Defendants are "employers" under the FMLA, Count I of the Complaint shall be dismissed without prejudice against those Defendants. The Plaintiff shall be granted leave to amend to: (1) allege the proper statutory basis for the remaining Defendants' statuses as "employers," and (2) allege further facts as to the remaining individual Defendants—consistent with the Third Circuit's definition of "employer" as stated in *Haybarger*—sufficient to withstand a motion to dismiss.[*]

### C.    *FMLA Retaliation Claim*

"One may proceed on a FMLA retaliation claim under either the *Price Waterhouse* or *McDonnell Douglas* legal frameworks." *Hofferica v. St. Mary Med. Ctr.*, 817 F. Supp. 2d 569, 584 (E.D. Pa. 2011) (citation and internal quotation marks omitted). Because the Plaintiff has not alleged any "direct evidence that his FMLA leave was a substantial factor in the decision to fire him," *Conoshenti*, 364 F.3d at 147, the Court looks to the *McDonnell Douglas* framework, under which the Plaintiff must first allege a prima facie case, which itself consists of three elements:

> (1) [he] availed [himself] of a protected right under the FMLA; (2) [he] was adversely affected by an employment decision; and (3) there is a causal connection between the employee's protected activity and the employer's adverse employment action.

*Hofferica*, 817 F. Supp. 2d at 584. Here, the Plaintiff has sufficiently alleged that he engaged in protected activity when he sought a leave of absence from Inovio to undergo and recover from surgery for a serious medical condition. Compl. ¶¶ 17, 20, 22-23, 35; *see also Nusbaum*, 171 F. Supp. 2d at 388. Furthermore, he has alleged an adverse employment action: the Defendants

---

[*] Because the Court has decided to grant the Motion to Dismiss without prejudice and with leave to amend, it declines to address at this time Defendants' argument that the Plaintiff's entire interference claim should be dismissed as moot because it is substantively indistinguishable from his retaliation claim.

terminated his employment effective July 18, 2014.  Compl. ¶ 28.  And, finally, he has shown a causal connection between his activity and the adverse employment action.  "When the 'temporal proximity' between the protected activity and adverse action is 'unduly suggestive,' this 'is sufficient standing alone to create an inference of causality . . . .'"  *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 307 (3d Cir. 2012) (quoting *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 232 (3d Cir. 2007)).  Here, the Plaintiff was notified of his termination on July 16, 2014—less than two months after he alleges he took medical leave and the exact day he was cleared to return (and planned to return) to his full-time position.  Compl. ¶¶ 22, 26-27.  At this stage, this close temporal proximity "qualifies as unusually suggestive timing" sufficient to allege a prima facie case of retaliation.  *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 258 (3d Cir. 2014) (citing, *e.g.*, *Bryson v. Regis Corp.*, 498 F.3d 561, 571 (6th Cir. 2007) (holding that an employee who was notified of her termination the day she was scheduled to return to work from FMLA leave established a causal connection)).  Accordingly, the motion to dismiss Count II shall be denied.

     An appropriate Order follows.

Dated:  **February 20, 2015**

                                      **BY THE COURT:**

                                      **/S/WENDY BEETLESTONE, J.**
                                      _____
                                      **WENDY BEETLESTONE, J.**